IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUTH ANDERSON and
WARNER J. ANDERSON,

        Plaintiffs,

vs.                                            No. CIV 99-948 LFG/WWD (ACE)

DOVER ELEVATOR COMPANY, et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Motion of the United States for dismissal of Plaintiff Warner J. Anderson's claim for loss of consortium or, in the alternative, for partial summary judgment. [Doc. 37].

In this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, Plaintiff Ruth Anderson alleges she was injured when an elevator in which she was riding lurched suddenly and dropped three to four feet, throwing her against a railing and causing her injuries including severe headaches, vertigo, nausea, muscle spasms in the back, pain and weakness. The injury occurred in a federal building. She sues the federal government and the elevator maintenance company for her injuries, and her husband, Warner Anderson, sues for loss of consortium.

The United States seeks to dismiss Warner Anderson's consortium claim based on failure to exhaust his administrative remedies, in that the loss of consortium matter was not made part of the administrative claim filed by his wife as prerequisite to bringing suit. Plaintiff counters that the loss

of consortium claim should have been inferred from the claim form. For the reasons given below, the motion will be granted.

The United States, as sovereign, is immune from suit except as it consents to be sued, and the terms of its consent as expressed in the authorizing statute define the court's jurisdiction to entertain the action. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70 (1941); Hart v. Dept. of Labor ex rel. United States, 116 F.3d 1338, 1339 (10th Cir. 1997). Through the FTCA, the United States consents to be sued for the torts of its employees; however, it conditions this consent on the claimant's first filing an administrative claim to the appropriate agency. 28 U.S.C. § 2675(a); Three-M Enters, Inc. v. United States, 548 F.2d 293, 294 (10th Cir. 1977). The procedures established pursuant to the Act must be strictly construed, inasmuch as the Act constitutes a waiver of sovereign immunity. Id., at 294-95. Proper presentation of the administrative claim is a jurisdictional prerequisite to suit and cannot be waived by the parties or the court. McNeil v. United States, 508 U.S. 106, 110-11, 113 S. Ct. 1980, 1983 (1993); Hart, at 1339; Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999).

The purpose of the administrative claim procedure is to give the federal agency "a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation." McNeil, 508 U.S. at 111-12 & n.7. The government's decision whether or not to settle an FTCA case could be influenced by the presence or absence of a loss of consortium claim, as such a claim increases potential damages and allows a broader scope of testimony on damages issues. Failure to include a loss of consortium claim is not a negligible omission, and the government should not be forced to ferret out its existence from clues dropped in the claim form. Although the Court does not hold that a separate claim form is required whenever

loss of consortium is alleged, nevertheless the government must be given more specific notice of the assertion of such a claim than was provided by the Andersons in this case.

The administrative claim form in this case (attached as Ex. A to Defendant's Memorandum in Support of Motion for Partial Dismissal) lists only one claimant, Ruth D. Anderson. Box 5, "Martial Status," notes that she is married. Box 8, "Basis of Claim," states that she was injured when the elevator dropped unexpectedly, and "Ms. Anderson incurred injuries as follows: severe headaches, severe back spasms, severe neck sprains, pain in the chest walls, spasms and pain at C/5 to L/5." She also seeks damages for lost time from work. No mention is made in Box 8 of a loss of consortium claim for Warner Anderson.

Box 10 of the administrative claim asks that the claimant state the nature and extent of each injury forming the basis of the claim, and to give the name of any injured person other than the named claimant. In this box are listed: "severe headaches, vertigo, nausea, cercial, thoriacic, lumbar and sacral muscle spasms, pain and weakness," and "wage loss." No mention is made of Warner Anderson nor of any claim of lost consortium. Dr. Warner Anderson is listed on the form as a witness, but there is no indication that he is Ruth Anderson's husband. The form is signed by Ruth Anderson only.

Defendant cites numerous cases in which the courts require that a spouse seeking to sue the government under the FTCA for loss of consortium must file an entirely separate administrative claim,[1] or else must join in the injured person's claim in a way that gives notice to the government

---

[1] Many of the cases requiring a separate administrative claim point to state law establishing loss of consortium as a separate cause of action, distinct from that of the injured spouse. New Mexico's approach to loss of consortium would fall into that category. Romero v. Byers, 117 N.M. 422, 872 P.2d 840 (1994).

3

that a loss of consortium claim is part of the cause of action. In nearly all cases in which a loss of consortium claim is allowed, the spouse either filed a separate claim, appeared on the form as a named claimant, signed the form, or had his or her separate consortium injuries described in Box 8, "Basis of the Claim" or Box 10, "Nature and Extent of Injury." In most cases where the government raises the issue, the courts disallow a loss of consortium claim because the spouse failed to take one or more of these actions.

*See, e.g.,* Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983); Manko v. United States, 830 F.2d 831 (8th Cir. 1987); Heaton v. United States, 383 F. Supp. 589, 591 (S.D.N.Y. 1974) ("Simply because Mrs. Heaton's name appeared on the executed SF-95 as Mr. Heaton's wife could not have put the government on notice that she was claiming loss of consortium and services"); Walker v. United States, 471 F. Supp. 38, 42 (M.D. Fla. 1978), aff'd, 597 F.2d 770 (5th Cir. 1979); Stephan v. United States, 490 F. Supp. 323, 324 (W.D. Mich. 1980); Sheehan v. United States, 542 F. Supp. 18 (S.D. Miss. 1982); Swizdor v. United States, 581 F. Supp. 10 (S.D. Iowa 1983); Murray v. United States, 604 F. Supp. 444 (E.D. Pa. 1985); Casey v. United States, 635 F. Supp. 221 (D. Mass. 1986) (claim allowed where spouse was listed on the claim form); Wozniak v. United States, 701 F. Supp. 259, 263 n.5 (D. Mass. 1988) ("the agency cannot be expected to ponder what it does not know"); Dondero v. United States, 775 F. Supp. 144, 149 (D. Del. 1991) ("Mere reference to a spouse or a related cause of action based upon the same facts has been deemed insufficient notice"); Loper v. United States, 904 F. Supp. 863 (N.D. Ind. 1995) (consortium claim allowed, where both spouses were listed as claimants and both signed the form); Emery v. United States, 920 F. Supp. 788 (W.D. Mich. 1996) (claim allowed, where loss of consortium was specifically listed on the administrative form as one of the injuries forming the basis of the claim); DuPont v. United States,

4

980 F. Supp. 192, 196 (S.D.W.Va. 1997) ("a spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse"); Benjamin v. United States, 85 F. Supp. 2d 1034, 1037 (D. Colo. 2000).

Thus, the overwhelming weight of authority holds that a federal court does not have jurisdiction over an FTCA claim for loss of consortium, unless the spouse either files a separate claim for the consortium injuries, or unless such injuries are included on the other spouse's claim form, in the sense that the form lists the spouse as a claimant, or the spouse signs the form, or his or her consortium-based injuries are described on the form. Warner Anderson did none of these things, and although he may have intended to claim loss of consortium, the government had no way of knowing this. He is not named as a claimant. He did not sign the form. There is no mention of his loss of consortium claim anywhere on the claim form, and there is no indication that the government otherwise had notice of the claim.

The Court has found no case in which a spouse was allowed to bring suit under the FTCA for loss of consortium under these circumstances. Indeed, the Tenth Circuit dismissed a wife's loss of consortium claim under the FTCA based on injuries to her husband, where she did not file an administrative claim on her own behalf and was not included in the grievance procedures which the husband instituted in connection with his claim (the husband also failed to file an administrative claim in this case but relied instead on the grievance procedure for notice). Pipkin v. United States Postal Svc., 951 F.2d 272, 273 (10th Cir. 1991).

In one case cited by Plaintiffs, the court allowed a loss of consortium claim to be added at the litigation stage, based on actual notice to the government outside the four corners of the claim form. In Ottem v. United States, 594 F. Supp. 283 (D. Minn. 1984), claimant's attorney failed to list the

5

loss of consortium claim on the administrative form but called counsel for the government, apparently shortly after filing the claim form, and the two sides discussed the consortium claim in at least five separate conversations during the administrative claim period. Under these circumstances, the government could hardly contend that it had no notice of the claim for loss of consortium, and it was clear that this claim figured in the settlement process prior to litigation. Plaintiffs in the present case do not claim that they discussed the loss of consortium claim with the government at any time prior to litigation, nor do they contend that the government had actual knowledge from any source outside the claim form.

Plaintiffs also cite Avila v. INS, 731 F.2d 616 (9th Cir. 1984) in support of their position. In this case, the court allowed a father to amend the administrative claim, submitted on behalf of his mentally impaired son, to include the father's claim for damages on his own behalf. The basis of the claim was that the son, who was a United States citizen, was wrongfully deported to Mexico and remained there for several months until he was found wandering the streets of Tijuana. The father had no idea where his son was during this period. Under the unique factual circumstances of this case, the court found that the government should have been on notice that a father would sustain recoverable losses from the INS negligence, even though the father did not make his own claim on the administrative form.

Avila does tend to support Plaintiffs' position. However, it stands virtually alone among the cases, and the Tenth Circuit (in a case involving statute of limitations and "relation back" of amendments to the original administrative claim) essentially rejected the reasoning of Avila in favor of the Eighth Circuit's reasoning in Manko, *supra*, and similar cases. *See*, Lee v. United States, 980 F.2d 1337 (10th Cir. 1992). In addition, in Avila, the father's name appeared on the original claim,

as the named claimant on behalf of his adult incompetent son. Thus, Avila is distinguishable from the present case and because it is based on a unique fact situation, the Court declines to follow it, as did the Tenth Circuit in Lee.

Plaintiffs assert that the government should have figured out that the "Dr. Warner Anderson" listed on the form as a witness, and with an address different from Ruth Anderson's, was actually her husband and was seeking damages for lost consortium based on Mrs. Anderson's injuries. The government claims that it did not have notice that Ruth Anderson was even married, although this is incorrect; Box 5 lists her marital status as "M." Nevertheless, the claim form gave the government no hint that Warner Anderson would seek damages on his own behalf, and the government would not necessarily, or even reasonably, have added that factor into the mix in evaluating this claim form for possible settlement.

In addition, the Court finds unpersuasive Plaintiffs' argument that the amount of the claim, $250,000, should have put the government on notice that lost consortium was included. Thus, because Warner Anderson has not exhausted the administrative procedures established by the FTCA and its regulations, the Court has no jurisdiction over his claim for loss of consortium. McNeil, 508 U.S. at 110-11.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Dismissal or, in the Alternative, for Partial Summary Judgment [Doc. 37] is granted, and Warner J. Anderson is hereby dismissed from this case as a plaintiff.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

7