IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RUTH ANDERSON and
WARNER J. ANDERSON,

        Plaintiffs,

vs.                                                                         No. CIV 99-948 LFG/WWD (ACE)

DOVER ELEVATOR COMPANY, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Amend the Complaint [Doc. 49]. Briefing is complete, oral argument is not necessary and the Court, being fully advised in the premises, finds that the motion is well taken and will be granted.

**Background**

Plaintiff Ruth Anderson brings this action against the United States[1] under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* Warner J. Anderson's claim for loss of consortium was dismissed for failure to exhaust his administrative remedies. Ruth Anderson ("Anderson") alleges she was injured when an elevator in which she was riding lurched suddenly and dropped three to four feet, throwing her against a railing and causing her injuries including severe

---

[1]Plaintiff originally named Gallup Indian Medical Center ("GIMC") as a Defendant. The United States was substituted for GIMC as the proper party defendant under the FTCA, by order dated August 14, 2000 [Doc. 72]. Although Plaintiff's motion to amend seeks to add allegations of negligence "by GIMC," the Court takes all references to GIMC, as a party, to mean the United States.

headaches, vertigo, nausea, muscle spasms in the back, pain and weakness.  The injury occurred at the GIMC building in Gallup, New Mexico.  GIMC is operated by the United States Department of Health and Human Services.

Anderson's FTCA action, as set out in the original complaint, is based on the negligence of government employees in using an elevator key to open the hoistway door while the elevator was in operation, in failing to instruct the elevator maintenance company to change the key code on the elevator, and in maintaining a hazardous condition on government property and failing to warn elevator users of the hazard.  Plaintiff also brings a claim for negligent maintenance against Dover Elevator Company ("Dover"), relying on supplemental jurisdiction under 28 U.S.C. § 1367(a).

The United States filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 41], arguing that the United States is not responsible for the negligence of its independent contractor, Dover, and further that there is no evidence that Anderson's injuries were caused by the negligent act of government employees.  Plaintiff counters that the elevator mishap may have occurred when a government employee negligently used a hoistway door key to stop the elevator in flight and, since the cause of the accident is unclear, this issue of fact would preclude summary judgment.  In addition, Plaintiff argues, the record indicates that the government did not delegate all of the elevator maintenance duties to Dover but rather performed some of the maintenance itself, prior to the accident.

Plaintiff therefore filed this motion to amend the complaint [Doc. 49] to include an allegation that the United States was negligent in its own duties of maintenance, aside from the other allegations of negligence in the original complaint, and apart from the negligence in maintenance attributable to Dover.  The United States opposes this motion on grounds that the administrative claim, a

2

prerequisite to suit under the FTCA, did not mention negligent maintenance as a cause of Anderson's injuries.[2]

## Discussion

As noted above, the United States resists Anderson's motion to amend the complaint on grounds that, because she did not charge the government with negligent maintenance in her administrative claim, the government had no notice of this cause of action during the pre-litigation stage, and Anderson is therefore precluded from including that claim in her suit.

It is undisputed that the United States, as sovereign, is immune from suit except insofar as it consents to be sued, and the terms of its consent, as expressed in the authorizing statute, define the court's jurisdiction to entertain the action. United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941); Hart v. Dept. of Labor ex rel. United States, 116 F.3d 1338, 1339 (10th Cir. 1997). The FTCA waives sovereign immunity and permits the United States to be sued for the torts of its employees, under the following conditions, as set out in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[2]In addition, the United States filed a second Motion for Summary Judgment [Doc. 69], contending that Plaintiff failed to present sufficient evidence to support its assertions that a government employee used a hoistway door key to stop the elevator in flight, or performed negligent "maintenance" on the elevator, or failed to tell Dover to change key codes. This motion is still under consideration and will be resolved in conjunction with Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 41].

3

Because the FTCA constitutes a waiver of sovereign immunity, the procedures established by the Act must be strictly construed. Three-M Enters, Inc. v. United States, 548 F.2d 293, 294-95 (10th Cir. 1977). Proper presentation of the administrative claim is a jurisdictional prerequisite to suit and cannot be waived by the parties or the court. McNeil v. United States, 508 U.S. 106, 110-11, 113 S. Ct. 1980, 1983 (1993); Hart, at 1339; Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999). The purpose of the administrative claim procedure is to give the federal agency "a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation." McNeil, 508 U.S. at 111-12. "Congress sought to ensure that the agency was sufficiently informed to be able to conduct an investigation and attempt to settle the claim or defend against the claim." Bradley v. United States, 951 F.2d 268, 271 n.3 (10th Cir. 1991).

From these principles, the United States argues that it did not have notice that Anderson intended to allege improper maintenance on the part of government employees, because this charge was not included in the administrative claim; the Court, therefore, has no jurisdiction to hear Anderson's claim of negligent maintenance on the part of government employees. The Court rejects this argument.

"The implementing regulation here, 28 C.F.R. § 14.2(a), states that 'a claim shall be deemed to have been presented when a Federal agency receives . . . written notification of an Incident' . . . The regulation does not say that every detail of the incident must be supplied, only that the agency be notified that an accident has occurred." Dillon v. United States, 480 F. Supp. 862, 863 (D.S.D. 1979). The only requirement of a claim for damages is that it must contain "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Bradley, at 270. A claimant is not obliged to reveal every theory of

causation in her administrative claim; she need only set forth facts sufficient to enable the agency to conduct an investigation, in aid of settlement of the claim.  Anderson's claim satisfied this requirement.

In her administrative claim, she described the elevator incident, and her resulting injuries, in sufficient detail to enable the government to conduct an investigation as contemplated by the statute and its regulations.  It is not unusual for a claimant to be unaware of the exact cause of an untoward event at the time she files her administrative claim.  It would be unreasonable to require her to lock in the exact cause at the beginning stages of the administrative claim process, when it is Defendant, not Plaintiff, who has better access to information regarding causes of the accident.

In contrast to an administrative claim, a civil complaint can be liberally amended and, "[a]s a result, the penalty for failing to state the right claim or all your claims in the original [complaint] is usually small and often nonexistent.  But if your administrative tort claim is found to have been inadequate, the court is divested of jurisdiction over your suit."  Murrey v. United States, 73 F.3d 1448, 1451 (7th Cir. 1996).  Therefore, "the fact that failing to file a timely administrative claim has such a fell consequence argues for greater liberality in determining whether the administrative claim is adequate."  Id., at 1452.

A substantial number of cases rely on the principle that "a claim is sufficient which notifies the agency of the facts of the incident and need not elaborate all possible causes of action or theories of liability."  Barnson v. United States, 531 F. Supp. 614, 623 (D. Utah 1982).  *See, e.g.*, Murrey, *supra*, at 1452 ("as no statement of legal theories is required, only facts plus a demand for money, the claim encompasses any cause of action fairly implicit in the facts").

We keep section 2675(a)'s underlying purpose in mind when

>considering the amount of information it requires from a potential litigant. We have held that a claimant must give an administrative agency only enough information to allow the agency to "begin its own investigation" of the alleged events and explore the possibility of settlement . . . We do not require the claimant to provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery . . . or every factual detail that might be relevant . . . In short, the amount of information required is "minimal" . . . An administrative agency is deemed to be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations of the claim should reveal . . . All that is required is that the theory put forward in the complaint filed in the district court be based on the facts that are stated in the administrative claim.

Burchfield v. United States, 168 F.3d 1252, 1255-56 (11th Cir. 1999).

In several cases, courts have held that an administrative claim which alleges only medical malpractice is sufficient to support an informed consent cause of action, at least where the claimant supplied sufficient facts from which a legally trained reader could infer a failure to obtain informed consent. *See, e.g.*, Frantz v. United States, 29 F.3d 222, 224 (5th Cir. 1994) (an administrative claim alleging merely "negligence in surgery causing blindness" was held sufficient to alert the government to an informed consent claim); Murrey, *supra*; Dillon v. United States, *supra*; Mellor v. United States, 484 F. Supp. 641 (D Utah 1978). While it is true that the Tenth Circuit, in an unpublished opinion, held that the issue of informed consent could not be pursued at trial because it had not been included in the administrative claim form nor in the complaint, Butler v. United States, 149 F.3d 1190 (Table, text in Westlaw), No. 97-5081, 1998 WL 314317 (10th Cir. June 2, 1998), that case was somewhat unusual in that plaintiff waited until the pre-trial conference to reveal his intention to rely on an informed consent theory. Under those circumstances, on the eve of trial, it is not surprising that the trial court would not allow plaintiff to add new theories at such a late date.

In other situations, courts have allowed plaintiffs to present causes of action which were not set out explicitly in the administrative claim; the primary factor in such cases was a determination that the government had received sufficient notice to enable it to investigate the incident. In <u>Rooney v. United States</u>, 634 F.2d 1238, 1242-43 (9th Cir. 1980), a claim that injuries occurred "as a result of a fall and subsequent medical care" was held sufficient to allow trial on the issue of whether negligence of government employees caused the fall, as well as on the issue of medical malpractice.

> Contrary to the Government's contention, it was not necessary for Rooney to allege in his administrative claim that the Government's negligence caused his fall or that any specific federal employee was responsible for the injuries sustained in the fall. Moreover, even though Rooney's original complaint stated a claim for relief based only upon medical malpractice, that does not make his administrative claim defective.

<u>Rooney</u>, at 1242-1243.

In <u>Rise v. United States</u>, 630 F.2d 1068 (5th Cir. 1980), the administrative claim alleging that Army physicians were negligent in failing to diagnose and treat the decedent was sufficient to support jurisdiction over a cause of action alleging that the Army failed to take medical responsibility for decedent's treatment following her referral to a civilian hospital, where she died. The court held that the Army's investigation should have produced evidence of this related cause of action. In <u>Lopez v. United States</u>, 758 F.2d 806 (1st Cir. 1985), the allegation of concussion and post traumatic headache was sufficient to alert the government that the plaintiff would claim mental as well as physical injuries.

*See also*, <u>Brown v. United States</u>, 838 F.2d 1157, 1160 (11th Cir. 1988) ("[t]he notice requirement does not require a claimant to enumerate each theory of liability in the claim"); <u>Johnson by Johnson v. United States</u>, 788 F.2d 845 (2d Cir. 1986), *disapproved on other grounds*, <u>Sheridan v. United States</u>, 487 U.S. 392, 108 S. Ct. 2449 (1988) (claimants may "maintain suits on alternative

theories of liability" aside from those set out on the administrative claim, since the claim can put an agency on notice of facts it should discover during its investigation of the claim); Shipek v. United States, 752 F.2d 1352 (9th Cir. 1985) (administrative claim alleging fatal exposure to atomic radiation held to encompass cause of action for failure to warn serviceman, after his discharge, of the hazards of exposure and the need to seek medical treatment); Schock v. United States, 21 F. Supp. 2d 115, 124-25 (D.R.I. 1998) (claim for conversion supports cause of action based on negligence; motion to amend complaint granted); Reese v. United States, 930 F. Supp. 1537 (S.D. Ga. 1995) (claim for pain and suffering of pregnant decedent encompasses cause of action for pain and suffering of decedent's unborn child); Glickman v. United States, 626 F. Supp. 171, 174 (S.D.N.Y. 1985) (claim for assault and battery in administering L.S.D. and electric shocks to claimant without his knowledge or consent, supports a cause of action for negligence, invasion of privacy, and intentional infliction of emotional distress); Focke v. United States, 597 F. Supp. 1325, 1349-50 (D. Kan. 1982) (claim based on intentional acts of hospital employee held to support a complaint alleging hospital's negligence in hiring, training, and supervising a physician).

    In contrast, those cases which refuse to allow plaintiff to pursue a cause of action at trial on grounds the claim was not presented in the administrative claim form, often involve attempts to add an entirely new legal theory or to pursue a claim on behalf of a party who was not mentioned in the administrative claim. *See, e.g.*, Munsill v. United States, 14 F. Supp. 2d 214, 218 (D.R.I. 1998) (second claim involved "new and different facts"); Provancial v. United States, 454 F.2d 72 (8th Cir. 1972) (complaint attempted to add a "new and different claim" alleging medical negligence against a doctor employed by the Public Health Service, whereas the administrative claim alleged negligence by police officers employed by the Bureau of Indian Affairs); Franz v. United States, 414 F. Supp.

57 (D. Ariz.1976) (involving "two distinct sets of negligent acts occurring at two different time periods"); and Deloria v. Veterans Admin., 927 F.2d 1009, 1012 (7th Cir.1991), wherein the charge involving altered medical records, as set forth in the administrative claim, would not give notice of malpractice charges that involved "wholly distinct incidents."

The possibility in the present case that the government retained some responsibility for maintenance, and that a government employee may have been the person who negligently maintained the elevator, is not "wholly distinct" from Anderson's claim as asserted in the SF-95. As was true in Barnson, *supra*, at 624, "[t]his is not . . . a case of failure to notify an agency of a separate negligent act occurring at a completely different time . . . Nor is this a situation in which the . . . causes of action [sought to be added] are 'obviously distinct and different' from the other causes of action alleged, for which a proper claim was submitted."

Defendant argues that "plaintiff Ruth Anderson's Form 95 is absolutely devoid of any facts, mention or hint of a clam that improper maintenance of the elevator on the part of GIMC employees caused the injury she purportedly suffered." In fact, Anderson's form does not allege any cause for the elevator incident, presumably because she had no idea at that point what caused the elevator to drop, nor any reason to think the government would not investigate any and all possible causes. *See*, Glickman, at 174 ("[w]hatever the facts are, they are in the control of defendants").

The government was not misled into thinking that Plaintiff limited herself to certain enumerated factual causes of the accident, thus preventing it from investigating others. There is nothing in Anderson's claim form that would have caused the agency to overlook its own negligent maintenance as a possible cause of the incident, and "it is unlikely that the agency would . . . [have] act[ed] any differently" if Anderson's administrative claim had included such a charge. Brown, *supra*,

9

1161. Where particular details are omitted from the claim form, but are "so closely related to the essential material contained in the claim that they would have come to light during the [agency's] reasonable investigation of the claim," they will be included in the evidence at trial. Burchfield, *supra,* at 1256.

The Court finds that Anderson's failure to allege in the administrative claim form that the government retained responsibility for maintenance of the elevators, and that negligent maintenance by a government employee caused the elevator accident, does not preclude her from pursuing this claim at trial. The Court finds further that the United States will not be unduly surprised or prejudiced by the proposed amendment, and the amended complaint is otherwise proper under F. R. Civ. P. 15(a) and satisfies the "relation back" rule of F. R. Civ. P. 15(c), in that the claim arose out of the occurrence set forth in the original pleading.

Anderson did not comply with the District's local rule, which requires that a copy of the proposed amended complaint accompany the motion to amend. D.N.M.LR-Civ. 15.1. The Court will assume, however, that the amended complaint, when filed, will comply with Anderson's request to submit "an amended complaint adding one count of negligence against the United States with no other substantive changes." On condition that it does so comply, the motion to amend will be granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend the Complaint [Doc. 49] is granted, to the extent that Plaintiff is allowed to file an amended complaint adding one count of negligence against the United States.

                                                  */s/ Lorenzo F. Garcia*
                                                  Lorenzo F. Garcia
                                                  United States Magistrate Judge